FLAGLER *vs.* FLAGLER and others.

Where the testator, by his will, gave to his wife a legacy of $10,000 in lieu of dower, and all his household furniture, &c., " with the exception of his desk, which contained his private writings, and all the money and papers therein," and made a residuary devise and bequest, to the children of his brother, of all his property not before disposed of, including his desk and all the papers and writings, excepting deeds of property given to others, and money, if any therein contained; *Held,* that the money in the desk was intended to be excepted from the bequest to the testator's wife; and was given to the residuary legatees, as a part of the residuary estate of the testator, after payment of debts and legacies.

THIS was an appeal from the sentence or decree of the surrogate of Dutchess county, rejecting the claim of the widow of Philip Flagler, deceased, to a distributive share of about $1300, in money, found in the testator's desk at the time of his death.

*W. J. Street,* for the appellant.

*C. W. Swift,* for the respondents.

Flagler *v.* Flagler.

THE CHANCELLOR. The only question for consideration in this case is, whether this sum of money, found in the decedent's desk, belongs to the children of the testator's brother Zachariah, as residuary devisees and legatees, or whether it is a part of the testator's personal estate not disposed of by his will. The testator, after directing the payment of his debts, gives to his wife a legacy of $10,000, and all his household furniture, linen, beds and bedding, *with the exception of his desk, which contains his private writings, and all the money and papers therein,* in lieu of dower. And after devising divers portions of his real estate to other of his relatives, and giving several other pecuniary legacies, the testator makes a general residuary devise and bequest as follows: "I give, devise and bequeath, to the children of my brother Zachariah, except David, all the residue of my property and *money,* except such as is necessary to pay the legacies and devises above specified; and it is my will that they should have all the residue of my real and personal estate, my chattels, goods, and movables, wheresoever they may be, and whatever goods I may acquire hereafter and own at my decease; and I also give unto my brother Zachariah's children, exclusive of David, my desk and all my papers and writings, excepting deeds of property given to others, and money (if any) therein contained." The testator also gave to them, all the residue of his lands and all the lands he should thereafter acquire. And he directed that all his legacies, and his debts and funeral expenses, should be paid out of the property so given to them.

Taking the whole will together, I think there can be no doubt whatever that the bequest to the widow was not intended to include the desk, or any of the papers or money in the desk; and that the subsequent devise to these children was intended to include the desk, and all the papers and money therein which had been excepted in the bequest to the wife; with the exception of the title deeds of such of his real estate as was devised to others. If there were any doubt upon the subject, the broad and comprehensive terms in which he has given all his residuary estate, not otherwise disposed of, to these legatees, is conclusive to show

that he could not have intended to leave any part of his property undisposed of by his will.

The decision of the surrogate, therefore, was not erroneous; and the decree or order appealed from must be affirmed with costs, to be paid by the appellant.